# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8436 | **DATE** | February 20, 2003 |
| **CASE TITLE** | *In re Allied Products Corporation* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Hartford's motion to withdraw the reference [1-1] is granted. The clerk is directed to forward a copy of this order to the bankruptcy court. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 24 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 FEB 21 PM 3:15 | date mailed notice | |
| RTS | courtroom deputy's initials | FILED | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **In re:** ) <br> ) <br> **ALLIED PRODUCTS CORPORATION,** ) <br>      Debtor, ) <br> ---------------------------------------------- ) <br> ) <br> **ALLIED PRODUCTS CORPORATION,** ) <br>      Plaintiff, ) <br> ) <br>           v. ) <br> ) <br> **HARTFORD ACCIDENT AND** ) <br> **INDEMNITY COMPANY,** ) <br>      Defendant. ) | 02 C 8436 <br><br> Motion to Withdraw the <br> Reference <br><br> Bankruptcy Case No. 00 B 28798 <br> Adv. Proc. No. 02-A-1520 |

DOCKETED
FEB 24 2003

## MEMORANDUM AND ORDER

Defendant Hartford Accident and Indemnity Company seeks to withdraw this court's reference of this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Northern District of Illinois Internal Operating Procedure 15. For the following reasons, the motion is granted.

### Background

In October of 2000, Allied Products Corporation filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Before this, Allied designed, manufactured, and serviced mechanical and hydraulic forming presses used to manufacture components for various industries. At this point in time, Allied has sold substantially all of its operating assets. It also recently filed a proposed Chapter 11 plan of liquidation with the cooperation of the Official Committee of Unsecured Creditors.

Because Allied is a debtor in possession, it must commence and prosecute claims and causes of action for the benefit of its bankruptcy estate and creditors. *See* 11 U.S.C. § 1107. Thus, in October of 2002, Allied filed an adversary proceeding against Hartford which asserted that Hartford had breached certain insurance contracts. The insurance claims stemmed from Allied's dealings with White Farm Equipment Company, a farm implement manufacturing plant.

In 1985, Allied purchased some of White Farm's assets, including a facility in Charles City, Iowa. The United States Environmental Protection Agency found that Allied was liable for environmental problems at the Charles City site. Allied seeks coverage under two primary general liability policies which were issued by Hartford and name White Farm as an insured. The bankruptcy court entered a preliminary pretrial order and Hartford has filed a dispositive motion which is currently pending.

## Discussion

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 184 (N.D. Ill. 1997). Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate. *Id.* The first sentence of § 157(d) is

generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187. The court must also consider whether the parties are entitled to a jury trial. *See, e.g., In re Sevko*, 143 B.R. 114, 117 (N.D. Ill. 1992).

The most important of these factors is whether the adversary proceeding sought to be withdrawn is core or non-core. *Id.* "[A] proceeding is core . . . if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id., quoting Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir.1990); *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir.1997) ("core proceedings" are claims "by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy").

Here, Hartford contends that the adversary action against it is non-core. "[B]reach of contract claims have consistently and traditionally been found to be non-core." *In re Coe-Truman Technologies, Inc.*, 214 B.R. at 187 (collecting cases). The court fails to see how the insurance dispute at the heart of the adversary proceeding arises under or is in any way related to the Bankruptcy Code. Moreover, the insurance dispute does not have any ties to Allied's pre-petition activities, and the policies at issue were not issued to Allied in the course of its business. In addition, the record does not show that any of Allied's other adversary proceedings involve

insurance coverage issues. Thus, the most important factor relating to withdrawal of the reference favors Hartford.

Because the insurance dispute is entirely severable from the bankruptcy proceedings, withdrawal of the reference will not hinder judicial economy. Moreover, the bankruptcy court is in no better position to resolve the insurance dispute than a district court because its familiarity with the bankruptcy case has no bearing on the insurance issues. Finally, the court disagrees with Allied that transferring the adversary proceeding to the district court will require the Allied bankruptcy estate to incur additional costs. Thus, the court finds that withdrawal of the reference is warranted. The court, therefore, will not address Hartford's remaining arguments.

## Conclusion

Hartford's motion to withdraw the reference [1-1] is granted.

DATE: FEB 2 0 2003

Blanche M. Manning
United States District Judge